**Billy Ray BENTLEY, Appellant,**

v.

**Ernest H. ROBINSON, d/b/a Phillips 66 Service Station, Appellee.**

Court of Appeals of Kentucky.

March 13, 1970.

Harold Garland Wells, Wells & Wells, Hazard, for appellant.

E. R. Hays, Baird & Hays, Pikeville, Emmett G. Fields, Whitesburg, for appellee.

CULLEN, Commissioner.

Appellant Billy Ray Bentley was injured when his automobile was struck by one being driven by Tom William Bays. Alleging that at the time of the accident Bays was an employe of appellee Ernest H. Robinson, acting within the scope of his employment, Bentley brought action against Robinson for damages. Robinson denied that Bays was acting within the scope of his employment at the time of the accident. Depositions of parties and witnesses were taken, following which the defendant moved for summary judgment, which was granted. We have Bentley's appeal from that judgment.

The depositions showed beyond question that Bays, who was employed as an attendant at Robinson's filling station, simply took a customer's car for a joy ride, in the course of which the collision with Bentley's car occurred. Robinson was not at the station at the time, and there was nothing in the depositions to suggest that Robinson had any reason to anticipate Bays' actions.

The appellant does not contend that Robinson should be liable for negligence of one of his employes while engaged in a joy ride. Appellant's contention is that summary judgment should not have been granted because there were indications, in the depositions, that Bays' purpose in taking the customer's car might have been to test-drive it to determine whether it required repairs, and that if permitted to go to trial appellant might have been able to develop a jury issue on that point. This argument is a grasping at straws. The appellant tried valiantly, in the course of the taking of the depositions, to produce some shred of evidence to show that Bays was test-driving the car instead of merely engaging in a joy ride. But he failed. He

did manage to worm out a couple of slightly equivocal answers, but from the depositions as a whole no conclusion reasonably could be drawn that the ride was anything other than a pure joy ride, and there is nothing to indicate that the appellant ever could prove otherwise.

It is our opinion that the trial court properly gave summary judgment.

The judgment is affirmed.

All concur.